IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01999-MEH

JASON BERGER,

    Plaintiff,

v.

COMMUNITY EDUCATION CENTERS, INC,
CORRECTIONAL HEALTH PARTNERS,
JOSEPH W. WRIGHT,
CHAUNDRA PETTUS, and
BRIANA HANSEN,

    Defendants.

---

**ORDER ON CORRECTIONAL HEALTH PARTNERS'
MOTION FOR SUMMARY JUDGMENT**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Defendant Correctional Health Partners ("CHP") moves for summary judgment on Plaintiff Jason Berger's two claims against it. CHP has met its burden to demonstrate a factual basis for its motion, and Mr. Berger did not file a response brief or submit any evidence to rebut CHP's assertions. Therefore, Mr. Berger has failed to demonstrate a genuine issue of material fact for trial as to his claims against CHP. Accordingly, the Court grants CHP's Motion for Summary Judgment.

## BACKGROUND

**I.    Factual Background**

The evidence submitted by CHP reveals the following facts viewed in the light most favorable to Mr. Berger, who is the non-moving party in this matter.

1.    CHP is a medical services organization that contracts with the Colorado Department of

Corrections ("CDOC") to authorize outside medical care for CDOC inmates. Decl. of Darlene Butler ¶ 4, ECF No. 44-1.

2. CHP does not treat CDOC inmates. Instead, CHP reviews inmates' medical information to determine the medical necessity of requested treatment. *Id.* ¶ 5.

3. On Thursday August 21, 2014, Cheyenne Mountain Re-Entry Center ("CRMC") sent CHP a request to approve an ear, nose, and throat consult for Mr. Berger. *Id.* ¶ 6; ECF No. 46.

4. On Friday August 22, 2014, at 1:42 p.m., CHP conducted an initial review of the request, which revealed that CRMC did not include its clinical notes for Mr. Berger. Decl. of Darlene Butler ¶ 6; ECF No. 46, at 1. CHP requested the information from CRMC on August 22, 2014, at 2:22 p.m. Decl. of Darlene Butler ¶ 6; ECF No. 46, at 1.

5. CRMC provided the clinical notes later that same day, and CHP queued the request for review by a medical doctor. Decl. of Darlene Butler ¶ 6.

6. On Monday August 25, 2014, a CHP doctor approved an ear, nose, and throat consult for Mr. Berger. *Id.* ¶ 7.

7. On August 28, 2014, an outpatient medical doctor assessed Mr. Berger and subsequently submitted a request for surgery on Mr. Berger's eye. ECF No. 46, at 2. The physician diagnosed Mr. Berger with an "orbital floor, closed fracture." *Id.*

8. CHP approved the surgery request on August 29, 2014, and Mr. Berger underwent surgery that same day. *Id.*

**II. Procedural History**

Mr. Berger filed his Complaint on August 5, 2016, alleging generally that CHP failed to timely approve his requests for medical care. Compl., ECF No. 1. Mr. Berger asserts two claims

for relief against CHP.[1]  First, Mr. Berger contends CHP violated the Eighth Amendment when it failed to provide him with prompt medical care.  *Id.* ¶¶ 22–28.  Second, Mr. Berger alleges CHP breached a common law contractual duty to provide timely medical care.   *Id.* ¶¶ 33–35.  CHP answered the Complaint on October 3, 2016.  ECF No. 18.

On September 29, 2017, CHP filed the present Motion for Summary Judgment, ECF No. 44. Regarding the constitutional claim, CHP first contends Mr. Berger cannot establish any CHP act or omission that caused his delay in receiving medical treatment.  *Id.* at 6–7.  Second, CHP contends Mr. Berger cannot show CHP employees were deliberately indifferent to Mr. Berger's medical needs.  *Id.* at 7–11.  Lastly, CHP asserts that even if Mr. Berger could prove deliberate indifference, he cannot demonstrate his injuries were caused by a CHP policy or custom.  *Id.* at 7–9.  As for Mr. Berger's third claim, CHP contends it did not owe Mr. Berger a duty to provide medical care, and Mr. Berger does not present any evidence supporting a breach of that duty or that any breach caused his damages.  *Id.* at 11–12.

Mr. Berger did not file a response to CHP's motion.  Accordingly, Mr. Berger does not rebut CHP's evidence and arguments.

**LEGAL STANDARDS**

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003).  A court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show

---

[1] Although Mr. Berger does not specifically list the individuals and entities against which he asserts each of his claims, Mr. Berger's factual allegations make clear that he pleads his second claim only against the three individual Defendants.  Compl. ¶ 30 ("Nurse Hansen, Nurse Pettus, and Dr. Wright had the duty to provide reasonably careful and prompt medical care for Plaintiff's injury.").

there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The moving party bears the initial responsibility of providing to the court the factual basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985).

If the movant properly supports a motion for summary judgment, the non-moving party has the burden of showing there are issues of material fact to be determined. *Celotex*, 477 U.S. at 322. That is, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. Fed. R. Civ. P. 56(e); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."); *Hysten v. Burlington N. & Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that

evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

## ANALYSIS

**I.     First Claim for Relief: Eighth Amendment Deliberate Indifference to Medical Needs**

Mr. Berger's first claim asserts CHP violated his Eighth Amendment rights by failing to provide prompt medical treatment. Compl. ¶¶ 22–28. The Tenth Circuit has recognized two types of conduct constituting deliberate indifference to medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). First, a medical professional may fail to treat an inmate properly. *Id.* Second, prison officials or medical professionals may prevent an inmate from receiving treatment. *Id.* Mr. Berger's claims against CHP fall into the second category.

To prove deliberate indifference to serious medical needs, a plaintiff must satisfy objective and subjective components. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). "The objective component of the test is met if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006)). The subjective component requires that the plaintiff prove the defendant disregarded a known risk of substantial harm by failing to take reasonable measures to abate it. *Id.* at 1159. In the context of the second category of deliberate indifference claims, a plaintiff must demonstrate the defendant disregarded a known risk of harm by delaying or refusing an inmate's request to receive medical care. *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

Here, even assuming Mr. Berger's eye condition was sufficiently serious to satisfy the objective component, Mr. Berger does not produce evidence demonstrating CHP knew of a risk of harm, yet failed to reasonably respond to CRMC's request for outside care. Although the form submitted to CHP indicated the request for treatment was urgent, merely labeling a request as urgent is insufficient to raise an inference that CHP employees were aware of a substantial risk of serious harm. *See Tivis v. Dowis*, No. 11-cv-02050-PAB-KMT, 2014 WL 7437661, at *4 (D. Colo. Dec. 29, 2014) (finding that failing to respond to an "urgent" request for an appointment was insufficient to satisfy the subjective component of the deliberate indifference standard, "particularly since the appointment that [the] defendant [] allegedly failed to schedule took place . . . a short time after [the] defendant's [] alleged failure"). Indeed, other than stating that Mr. Berger suffers from an "orbital floor, closed fracture," the request does not include any information regarding the nature of the medical issue or the specific harm that could result from delaying an outside consultation. Therefore, Mr. Berger has not demonstrated a disputed issue of fact regarding CHP's knowledge of potential harm.

Furthermore, even if labeling a request as urgent should have put CHP employees on notice of a risk of substantial harm, "[i]t is not enough to establish that the official should have known of the risk of harm." *Barney v. Pulsipher*, 143 F. 3d 1299, 1310 (10th Cir. 1998). Mr. Berger must present evidence suggesting that CHP employees were actually aware of the urgency of the request and the harm that could result from delaying a consult. *See id.* Mr. Berger does not present this evidence.

In addition to not establishing the subjective component of deliberate indifference, Mr. Berger's claim against CHP fails, because Mr. Berger does not produce evidence indicating CHP

6

has a policy or custom of acting with deliberate indifference to prisoners' medical needs. The Tenth Circuit has made clear that the *Monell* doctrine applies to constitutional claims against private corporations, such as CHP. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private actor 'cannot be held liable *solely* because it employs a tortfeasor—or, in other words . . . cannot be held liable under § 1983 on a *respondeat superior* theory.'" (quoting *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)) (alterations in original)); *DeVargas v. Mason & Hanger-Silas Mason, Co.*, 844 F.2d 714, 723 (10th Cir. 1988) ("Although *Monell* addressed only the liability of municipalities, the rationale of its holding applies equally to corporate defendants."). Accordingly, Mr. Berger must produce evidence of a CHP policy or custom that caused his injury. *See, e.g.*, *Monell*, 436 U.S. at 694 ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Mr. Berger does not produce any evidence in response to CHP's motion, let alone evidence demonstrating CHP has a policy or custom of acting with deliberate indifference to inmates' medical needs. Accordingly, summary judgment in favor of CHP is warranted on Mr. Berger's constitutional claim.

## II. Third Claim for Relief: Breach of a Contractual Duty to Provide Medical Care

Mr. Berger alleges CHP has a "common law duty and a contractual duty to provide timely medical care to those who are incarcerated in its prison." Compl. ¶ 35. Because the Court grants summary judgment in favor of CHP on Mr. Berger's sole federal question claim, the Court must analyze its jurisdiction to decide this state law claim.

As an initial matter, neither party has alleged that the Court has diversity jurisdiction over this case. Considering that the individual Defendants are employed in Colorado, it is unlikely that

7

complete diversity exists among the parties. Therefore, the Court may decide the merits of Mr. Berger's state law claim only if it would be proper to exercise pendent supplemental jurisdiction.

A district court has discretion to exercise pendent jurisdiction over a claim when it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). In exercising its discretion, a district court should consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims . . . ." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Absent a showing that the parties have expended a great deal of time and energy, "a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed." *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) ("[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice . . . .").

Based on these principles, the Court declines to exercise supplemental jurisdiction over Mr. Berger's remaining state law claim. The parties disagree as to whether Colorado courts recognize a claim for common law or contractual denial of medical care, and the Court finds that this issue is better resolved by the Colorado state courts. *See* CEC Defs.' Mot. for Summ J. 15, ECF No. 49. Furthermore, although the parties have completed discovery, the materials submitted in support of summary judgment were not extensive. Accordingly, it is not clear that the parties have expended a great deal of time and energy. Furthermore, if Mr. Berger reasserts his claim in state court, the parties will not be required to repeat any discovery.

Accordingly, a balance of the factors in this case does not favor retaining jurisdiction over the remaining state law claim. Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). As such, the Court dismisses Mr. Berger's third claim for relief as to CHP without prejudice.

## CONCLUSION

In sum, Mr. Berger fails to produce any evidence to support his constitutional claim against CHP, let alone evidence demonstrating a disputed issue of fact. Therefore, the Court dismisses Mr. Berger's constitutional claim with prejudice. Because the Court declines to exercise pendent jurisdiction over Mr. Berger's remaining state law claim, the Court dismisses without prejudice Mr. Berger's third claim for relief as to CHP. Accordingly, Defendant CHP's Motion for Summary Judgment [filed September 29, 2017; ECF No. 44] is **granted in part and denied in part**.

Entered and dated at Denver, Colorado, this 14th day of December, 2017.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge